UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>　　　　Plaintiff,<br>　　v.<br>MARTINEZ,<br>　　　　Defendant. | Case No. 18-cr-00047-BLF-2<br><br>**ORDER DENYING MOTION FOR REDUCTION IN SENTENCE**<br><br>[Re: ECF No. 149] |

Before the Court is Pro Se Defendant Trinidad Martinez Jr.'s motion for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(2) and the retroactive amendment made to U.S.S.G. 4A1.1(d) ("Amendment 821"). *See* ECF No. 149.[1] The United States Probation Office issued a Sentence Reduction Investigation Report ("SRIR") stating that Defendant does not qualify for a reduction. ECF No. 155. The Government filed a brief opposing a reduction in sentence. ECF No. 156. The Court invited Defendant to file an optional reply, ECF No. 153, and no reply has been filed. Defendant is in the custody of the Bureau of Prisons at USP Atwater with an anticipated release date of March 23, 2026.

For the reasons stated below, the Court DENIES the motion.

I. **BACKGROUND**

On October 8, 2019, Defendant pleaded guilty to one count of conspiracy to manufacture, possess with intent to distribute, and to distribute methamphetamine. ECF No. 76; ECF No. 106 ("PSR") ¶¶ 2–3. Defendant's total offense level was 31. PSR ¶ 28. Defendant's total criminal history score was 6, establishing a criminal history category of III under the Sentencing

---

[1] The Court construed Defendant's letter request for appointment of counsel as a motion for reduction in sentence. ECF No. 153.

1  Guidelines. *Id.* ¶ 37.  The Court found a total offense level of 31, and with a criminal history
2  category of III, this led to an advisory Guidelines Range of 135 to 168 months. *Id.* ¶ 75.  The
3  Court sentenced Defendant to a custodial term of 84 months followed by a term of 5 years of
4  supervised release.  ECF No. 131.

## II.  LEGAL STANDARD

If a defendant was "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, . . . the court may reduce the term of imprisonment after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821 to the Sentencing Guidelines became effective on November 1, 2023 and Parts A and B may be applied retroactively. *See* U.S.S.G. § 1B1.10(a)(1), (d).  Part A of Amendment 821 struck the Sentencing Guidelines' former provision, which added 2 status points if the defendant "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1(d) (Nov. 1, 2015), *as amended by* Amendment 821.  In its place, Part A added a new provision under which 1 status point would be added if the defendant otherwise received 7 or more criminal history points and "committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." U.S.S.G. § 4A1.1(e) (Nov. 1, 2023).  Thus, Part A eliminates status points for individuals with 6 or fewer criminal history points and replaces 2 status points with 1 status point for individuals with 7 or greater criminal history points.

Part B of Amendment 821 added a provision to the Sentencing Guidelines that provides for a 2-level reduction to a defendant's offense level for certain defendants that meet certain criteria, including receiving no criminal history points.  U.S.S.G. § 4C1.1(a) (Nov. 1, 2023).

## III.  DISCUSSION

The Court finds that Defendant is ineligible for a sentence reduction under either Part of Amendment 821.  First, Defendant does not qualify under Part A because he received zero status

points at sentencing. *See* PSR ¶¶ 29–37. Second, Defendant does not qualify under Part B. In order to apply for a 2-level reduction under Part B, the defendant must "meet all of the following criteria" including "the defendant did not receive any criminal history points from Chapter Four, Part A." U.S.S.C. § 4C1.1(a)(1). Here, Defendant received six criminal history points. PSR ¶ 37. Thus, the Court finds no basis to reduce Defendant's sentence under Amendment 821, and Defendant's motion is DENIED.

## IV. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that Defendant's motion for a reduction in sentence under Amendment 821 (ECF No. 149) is DENIED.

Dated: April 18, 2024

_____
BETH LABSON FREEMAN
United States District Judge